Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 7099 | **DATE** | October 9, 2012 |
| **CASE TITLE** | Willie Washington (#2008-0002914) vs. Sims et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's application to proceed *in forma pauperis* [3] is granted. The Court assesses an initial partial filing fee of $5.22. The trust fund officer at Plaintiff's place of confinement is authorized make deductions from Plaintiff's prison trust fund account in accordance with this order. The clerk shall send a copy of this order to the trust fund officer at Cook County Jail. The clerk shall also issue summons for Defendants R.N. Chidima Onyeachonam, Paramedic Moore, and Medical Director Dr. Avery Hart. The John Doe Defendants cannot be served until their identities are known. Kevin Sims is dismissed as Defendant. The clerk shall forward to Plaintiff a consent form to proceed before a Magistrate Judge and instructions as to how file documents in this case.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

Plaintiff Willie Washington, currently confined at the Cook County Jail, has filed this 42 U.S.C. § 1983 suit against Cook County Jail Nurse Chidima Onyeachonam, Paramedic Moor (or Moore), Medical Director Dr. Avery Hart, Dr. Kevin Sims, and several unknown doctors referred to as John Does. Plaintiff states that he slipped and fell in the shower in October 2010, injuring his shoulder and arm. He informed an officer, who sent him to the dispensary, where Nurse Onyeachonam gave him aspirin but nothing else. Plaintiff asserts that he later informed Paramedic Moor that he needed to see a doctor. Moor allegedly responded that she would check about confirming or making an appointment, but she never returned to Plaintiff. When Plaintiff did see doctors at the jail, they told him nothing was wrong and sent him back to his cell. Plaintiff asserts that he has been in much pain since his fall and that he has been unable to receive tests to determine the cause of his pain.

Plaintiff's *in forma pauperis* ("IFP") application reveals that he cannot prepay the $350 filing fee. The Court grants his IFP motion and assesses an initial partial filing fee of $5.22. The trust fund officer at Plaintiff's place of confinement shall deduct, when adequate funds are available, the initial partial filing fee from Plaintiff's trust fund account and forward it the clerk of this Court. Thereafter, the trust fund officer shall deduct monthly payments from the account in an amount equal to 20% of the preceding month's income credited to the account. Monthly collected payments shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall identify Plaintiff's name and the number of this case. Plaintiff shall remain obligated for the filing fee and Cook County Jail officials shall notify transferee authorities of any outstanding balance in the event he is transferred.

The Court has conducted a preliminary review as required under 28 U.S.C. § 1915A. The above described allegations state colorable claims of deliberate indifference to a serious medical need against Defendants Nurse Chidima Onyeachonam and Paramedic Moor. *See Arnett v. Webster*, 658 F.3d 742, 750 (7th Cir. 2011); *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). As to Dr. Avery Hart, Plaintiff does not state that Dr. Hart was personally involved with Plaintiff's treatment (or lack thereof). Nevertheless, Plaintiff's allegations of continued denial of treatment reasonably infer a claim of an unconstitutional policy or practice with the jail's medical staff.

| STATEMENT |
|---|

*Walker v. Sheahan*, 526 F.3d 973, 977 (7th Cir. 2008). Additionally, Dr. Hart may be the proper party to identify the John Doe Defendants. *See Donald v. Cook County Sheriff's Dept.*, 95 F.3d 548, 555, n.3 (7th Cir. 1996) (when a plaintiff does not know the name of a defendant, he may name a supervisory official to identify the unknown defendant). Plaintiff is advised that his failure to conduct discovery to learn the names of the unknown medical persons referred to in his complaint will result in their dismissal. Plaintiff is further advised that there is a two-year limitations period for deliberate indifference claims in Illinois and the John Doe Defendants must be named before the expiration of that period. 735 Ill. Comp. Stat. 5/13-202; *Hileman v. Maze*, 367 F.3d 694, 696 (7th Cir. 2004); *see also Hall v. Norfolk S. Ry. Co.*, 469 F.3d 590, 596 (7th Cir. 2006).

As to Dr. Kevin Sims, Plaintiff asserts no allegations against him and no reasonable inference exists to indicate that there is a claim against Sims. Accordingly, Sims is dismissed as a Defendant.

The clerk shall issue summonses for service of the complaint on Cook County Jail Nurse Chidima Onyeachonam, Paramedic Moor (or Moore), and Medical Director Dr. Avery Hart. The United States Marshals Service is appointed to serve these Defendants. Any forms necessary for the Marshal to serve Defendants shall be forwarded to Plaintiff. His failure to return the forms may result in the dismissal of the Defendants. With respect to former employee who no longer can be found at Cook County Jail, officials there shall provide the Marshal with Defendant's last-known addresses. The information shall be used only for purposes of effectuating service, or to show proof of service and documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to Defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service. If unable to obtain waivers, the Marshal shall attempt to serve Defendants with personal service.

Plaintiff is instructed to file all future papers concerning this case with the Clerk of Court in care of Prisoner Correspondent. Plaintiff must provide the original plus a judge's copy of every document filed. Also, he must send an exact copy of any court filing to Defendants, or their attorney once one enters an appearance. Every document filed must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to the Plaintiff.